SAN JOSE–LOS GATOS INTERURBAN RY. CO. v. SAN JOSE RY. CO.

(Circuit Court of Appeals, Ninth Circuit. October 14, 1907.)

No. 1,446.

1. COURTS—FEDERAL COURTS—CONSTRUCTION OF STATE STATUTES.

The construction of a statute of a state by its highest court will be followed by the federal courts; but, where such highest court is composed of a number of judges, a construction placed upon a statute by the opinion of one judge which is not concurred in by a majority is not so binding, but leaves the question to be determined independently by a federal court.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Courts, § 957.

State laws as rules of decision in federal courts, see notes to Wilson v. Perrin, 11 C. C. A. 71; Hill v. Hite, 29 C. C. A. 553.]

2. MUNICIPAL CORPORATIONS—GRANT OF STREET RAILROAD FRANCHISE—CALIFORNIA STATUTE.

Civ. Code Cal. § 499, provides that "two lines of street railway, operated under different managements, may be permitted to use the same street, each paying an equal portion for the construction of the tracks and appurtenances used by said railways jointly; but in no case must two lines of street railway, operated under different managements, occupy and use the same street or tracks for a distance of more than five blocks consecutively." *Held*, that such provision does not deprive the municipal

authorities of a city of power to grant to two railways, having tracks of different width, the right to operate their cars on the same street for a distance not exceeding five blocks, each occupying the middle of the street, and each paying an equal portion of the cost of paving between and beside the tracks as required by section 498.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 36, Municipal Corporations, § 1465.]

Appeal from the Circuit Court of the United States for the Northern District of California.

Louis Oneal and Owen D. Richardson, for appellant.
Goodfellow & Eells and S. F. Leib, for appellee.

Before GILBERT, Circuit Judge, and DE HAVEN and HUNT, District Judges.

DE HAVEN, District Judge. This is a suit in equity to obtain a decree enjoining the defendant from constructing a street railroad upon a portion of San Fernando street, in the city of San Jose. The Circuit Court granted an injunction pendente lite; and from this order the defendant appeals. The plaintiff was at the date of the commencement of the action operating a single track narrow-gage electric street railroad within the city of San Jose, under a franchise granted in the year 1891, and expiring in the year 1936. The track of plaintiff's road is in the center of the street, and the distance between the rails is three feet. Defendant on March 6, 1905, obtained from the municipal authorities of the city of San Jose a franchise to construct and operate a single track broad-gage electric railroad along certain streets of that city, including two blocks of San Fernando street, occupied by plaintiff's road. The bill of complaint alleges that, by the terms of the franchise under which defendant proposes to construct and operate its railroad, the tracks of such railroad are "required to be as nearly as possible in the middle of the street, and the defendant is now proceeding to lay and construct the same in accordance therewith; the distance between defendant's rails being four (4) feet, eight and one-half (8½) inches; the same being parallel with your orator's rails; each of the defendant's rails being outside of or further from the center of the street than each of your orator's rails." The bill then alleges that the operation by defendant of its cars will interfere with and prevent in a great measure, the operation by plaintiff of its railroad and cars, and will deprive it of the rights and privileges to which it is entitled by its franchise.

There is only one question presented by this appeal, and that relates to the validity of defendant's franchise; plaintiff contending, in support of the order appealed from, that under section 499 of the Civil Code of California the city of San Jose was without authority to grant the right to construct and maintain a broad-gage railroad along that portion of San Fernando street already occupied by the plaintiff's narrow-gage railroad under its prior franchise, and that by reason of this want of power in the city the franchise under which defendant seeks to construct its road is void. The section of the Civil Code referred to is as follows:

"Sec. 499. Two lines of street railway, operated under different managements, may be permitted to use the same street, each paying an equal portion for the construction of the tracks and appurtenances used by said railways jointly; but in no case must two lines of street railway, operated under different managements, occupy and use the same street or tracks for a distance of more than five blocks consecutively."

The allegations of the bill of complaint show that defendant by its franchise is given the right to lay the rails of its road parallel with those of plaintiff's road, and, by reason of the greater width of defendant's road, it will when constructed occupy the same portion of the street now occupied by plaintiff's road and an additional space of 10.25 inches on each side of it.

The contention of the plaintiff is that under the section of the Civil Code of California, just quoted, the municipal authorities of a city or town cannot grant to two lines of street railway, operated under different managements, the right to use any portion of the same street, except upon condition that both of them use the same track and rails, and where, as in the case here, the road operating under the prior franchise is of narrow-gage construction, the city is without authority to permit a broad-gage railroad to be constructed along any portion of the same street, because the cars of the two roads could not be operated upon the same rails, and Omnibus R. R. Co. v. Baldwin, 57 Cal. 160, is cited as a controlling authority in support of plaintiff's position. The principal opinion in that case was delivered by Mr. Justice Sharpstein, and, speaking of section 499 of the Civil Code of California, which, so far as relates to the present question, was substantially the same then as above quoted, he said:

"The first clause of this section clearly means that a right to use the same street cannot be granted to more than two corporations in any case, and, if granted to two, it must be upon the condition that both use the same track, and that each pay an equal portion of the cost of constructing it."

This language certainly supports the contention of plaintiff, but it was not concurred in by a majority of the court. The court was then composed of seven members, and all of them participated in the decision of that case, and it appears from the case as reported that only two judges concurred in the view thus expressed by Mr. Justice Sharpstein, and another, while concurring specially in the judgment upon a particular ground stated by him, added:

"I do not, however, concur in full in the construction, placed by my associates upon section 499 of the Civil Code."

The remaining three judges dissented from the judgment, without expressing any opinion whatever as to the proper construction of the section referred to.

It is well settled that the construction of a statute of the state by its highest court will be followed by the federal courts. Olcott v. Supervisors Fond du Lac County, 16 Wall. 678, 689, 21 L. Ed. 382; Fairfield v. County of Gallatin, 100 U. S. 47, 25 L. Ed. 544; Louisville etc., Railway Co. v. Mississippi, 133 U. S. 587, 591, 10 Sup. Ct. 348, 33 L. Ed. 784; McElvaine v. Brush, 142 U. S. 155, 160, 12 Sup. Ct 156, 35 L. Ed. 971. But we do not think, in view of the fact that the opinion of Mr. Justice Sharpstein, above quoted, was not concur-

red in by a majority of the court, that Omnibus R. R. Co. v. Baldwin, 57 Cal. 160, can be considered as having settled the construction of section 499 of the Civil Code of California, in accordance with the contention of plaintiff; and, as the question does not seem to have been passed upon by the Supreme Court of the state in any other case, we must be governed by our own interpretation of the statute, and in our opinion the most reasonable construction of the section under consideration is that it, in effect, declares that two lines of street railway, operated under different managements, may be permitted by the municipal authorities to use the same street (for a distance of not more than five consecutive blocks), each paying an equal portion for the construction of such tracks and appurtenances as are used by them jointly. The main purpose of the section is to protect the public from the inconvenience which would result if more than two railways under different managements were permitted to use the same street, or if two railways under different managements were permitted to use the same street for a distance of more than five consecutive blocks, and, as the city or town is authorized to grant to two independent railways the right to use the same street to the extent named, provision is made for an equitable distribution of the cost of constructing such tracks and appurtenances, as are used by them jointly. Section 498 of the Civil Code of California provides that, in granting the right of way to street railway corporations, the city or town authorities must require from them a strict compliance with the following conditions:

"(1) To construct their tracks on those portions of streets designated in the ordinance granting the right, which must be, as nearly as possible, in the middle thereof.

"(2) To plank, pave, or macadamize the entire length of the street, used by their track, between the rails, and for two feet on each side thereof, and between the tracks, if there be more than one, and to keep the same constantly in repair, flush with the street, and with good crossings.

"(3) That the tracks must not be more than five feet wide within the rails, and must have a space between them sufficient to allow the cars to pass each other freely."

It will thus be seen that when the right to lay rails in a street is given to two roads, both narrow or both standard broad gage, they must from necessity occupy precisely the same part of the street, and consequently use the same track and rails, and in that case each must pay an equal portion of the cost of constructing the tracks and appurtenances used by them jointly, as provided in section 499. So, also, when one is a narrow and the other broad gage, both must from necessity make a joint use of the portion of the street occupied by the road having the narrower width, and, by the terms of the same section, the cost of constructing that portion of the roadbed occupied by both must be borne by each jointly, but the clause requiring each of the roads to pay "an equal portion for the construction of the tracks and appurtenances used by said railways jointly" was not intended to deprive the municipal authorities of the power to grant to two railways having tracks of different width the right to operate their cars upon the same street. This provision of the statute does not concern the public, but defines the rights and obligations of the railroad companies, in the matter of which it speaks.

It is not claimed that the operation of defendant's broad-gage road in the manner proposed by it would inconvenience the plaintiff's road to any greater extent than would a narrow-gage road operating its cars on plaintiff's track, but it is said that narrow and broad gage railways running over the same street would, by reason of the additional rails required for their use, obstruct the use of the street for other purposes than those of railway traffic, but the inconvenience to the public from this cause would not be great where the rails are laid flush with the surface of the street, as the law requires; and, were it otherwise, the fact would not justify the court in reading into the statute a provision not found therein, denying to municipal authorities the power to grant to such differently constructed roads the right to use the same street for a distance of not more than five consecutive blocks.

The order is reversed.